Frank S. Hedin (Pro Hac Vice Application Pending)
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinllp.com

David W. Scofield – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:      (801) 322-2002
Facsimile:        (801) 912-0320
E-Mail:            dws@psplawyers.com

*Attorneys for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| SHERRY TERESA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>                    Defendant. | **PLAINTIFF'S MOTION TO ACCEPT OUT OF TIME OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Civil No. 4:24-cv-00033-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

**MOTION**

Relief Requested: An Order accepting plaintiff's out of time Opposition to Defendant's Motion to Dismiss the First Amended Complaint (the "Motion"), attached (the "Memorandum").

Grounds: Plaintiff missed the filing deadline of yesterday due to the inability to locate the correct Exhibit C and misunderstanding of which counsel would file. Plaintiff, at 9:13 a.m. this morning requested counsel for defendant to stipulate to its out of time memorandum. Plaintiff has

not yet heard any response to that request, so files this motion. The neglect in not having the correct exhibit for the Memorandum was not detected until late yesterday evening, when it was too late to find and file it before the deadline. In the circumstances, that neglect should be deemed excusable and the Memorandum accepted.

## MEMORANDUM

This Motion, being filed the day after the due date, requires a showing of excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). "The Tenth Circuit [has] noted that when determining excusable neglect 'a court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake.' Further, the Tenth Circuit recognized that an isolated mistake 'could occur in any attorney's office, no matter how well run.'" *Miller v. Power,* No. 2:20-cv-00210-DBB, 2023 U.S. Dist. LEXIS 190374, at *7 (D. Utah Oct. 20, 2023) (unpublished) (citations omitted). Therefore, this factor in determining excusable neglect, although important, "is not independently dispositive." *Id.* at *8.

Thus, in the circumstances of the case before it, the United States Court of Appeals for the District of Columbia Circuit, in *Yesudian ex rel. United States v. Howard Univ.,* 270 F.3d 969, 971 (D.C. Cir. 2001) affirmed the district court's acceptance of a late filing where a mistake, "[f]oolish as this may have been," caused only a brief delay, was without bad faith, caused no prejudice to the other side, and had no material effect on the proceedings. *See id.* This is consistent with the United States Supreme Court's reading of the rule:

> First, the Rule grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to esp[ecially] through carelessness." Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by

3

carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry "their ordinary, contemporary, common meaning."

*Perrin v. United States,* 444 U.S. 37, 42, 62 L. Ed. 2d 199, 100 S. Ct. 311 (1979). Plaintiff's counsel was working late into the night on the memorandum, and did not have the correct exhibit C. It was too late to look for, find and file the correct exhibit, so finding and filing was deferred until the following day.

There is unquestionably no bad faith in the delay, no material effect on the proceedings and no prejudice to defendant. Counsel did not intentionally have a defective exhibit it needed to correct before filing and or create the late hour. In this case, the shortness of delay, and of prejudice and lack of bad faith lead to the conclusion that in determining excusable neglect, although important, "is not independently dispositive." *Miller,* 2023 U.S. Dist. LEXIS 190374, at *8.

Plaintiff therefore respectfully requests that the court accept its out of time Memorandum, attached hereto as Exhibit A.

## CONCLUSION

For the foregoing reasons, the Motion should, respectfully, be granted.

Dated: September 19, 2024                Respectfully submitted,

**PETERS | SCOFIELD**
*A Professional Corporation*

/s/ David W. Scofield
DAVID W. SCOFIELD
       -and-
**HEDIN LLP**
FRANK S. HEDIN*
* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiffs and Putative Class*

3