ACCO,APPEAL,CLOSED
Email All Attys
Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Southern Region)
## CIVIL DOCKET FOR CASE #: 4:24−cv−00033−AMA

| | |
|---|---|
| Teresa v. Mayo Foundation for Medical Education and Research | Date Filed: 03/12/2024 |
| Assigned to: District Judge Ann Marie McIff Allen | Date Terminated: 04/28/2025 |
| Demand: $5,000,000 | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity | Nature of Suit: 380 Personal Property: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Sherry Teresa**　　　　　　　　　　　represented by　**E. Powell Miller**
*individually and on behalf of all others*　　　　　　　　THE MILLER LAW FIRM PC
*similarly situated*　　　　　　　　　　　　　　　　　　950 W UNIVERSITY DR STE 300
　　　　　　　　　　　　　　　　　　　　　　　　　　ROCHESTER, MI 48307
　　　　　　　　　　　　　　　　　　　　　　　　　　248−841−2200
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: epm@millerlawpc.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*PRO HAC VICE*
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*
　　　　　　　　　　　　　　　　　　　　　　　　　　Bar Number:
　　　　　　　　　　　　　　　　　　　　　　　　　　Bar Status: Pro Hac Vice

　　　　　　　　　　　　　　　　　　　　　　　　　　**David W. Scofield**
　　　　　　　　　　　　　　　　　　　　　　　　　　PETERS SCOFIELD
　　　　　　　　　　　　　　　　　　　　　　　　　　7430 CREEK RD STE 303
　　　　　　　　　　　　　　　　　　　　　　　　　　SALT LAKE CITY, UT 84093−6160
　　　　　　　　　　　　　　　　　　　　　　　　　　(801)322−2002
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: dws@psplawyers.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*
　　　　　　　　　　　　　　　　　　　　　　　　　　Bar Number: 4140
　　　　　　　　　　　　　　　　　　　　　　　　　　Bar Status: Active

V.

**Defendant**

**Mayo Foundation for Medical**　　　represented by　**Milo Steven Marsden**
**Education and Research**　　　　　　　　　　　　DORSEY & WHITNEY LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　111 S MAIN ST 21ST FL
　　　　　　　　　　　　　　　　　　　　　　　　　　SALT LAKE CITY, UT 84111−2176
　　　　　　　　　　　　　　　　　　　　　　　　　　(801) 933−7360
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: marsden.steve@dorsey.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*
　　　　　　　　　　　　　　　　　　　　　　　　　　Bar Number: 4879
　　　　　　　　　　　　　　　　　　　　　　　　　　Bar Status: Active

**Andrew Brantingham**
DORSEY & WHITNEY LLP
50 S SIXTH ST STE 1500
MINNEAPOLIS, MN 55402
612–492–6623
Email: brantingham.andrew@dorsey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Brock Huebner**
DORSEY & WHITNEY LLP
50 S SIXTH ST STE 1500
MINNEAPOLIS, MN 55402
612–340–2600
Email: huebner.brock@dorsey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Maryann Bauhs**
DORSEY & WHITNEY LLP
111 S MAIN ST 21ST FL
SALT LAKE CITY, UT 84111–2176
801–933–4059
Email: bauhs.maryann@dorsey.com
*ATTORNEY TO BE NOTICED*
*Bar Number: 17196*
*Bar Status: Active*

**Michael Edward Rowe , III**
DORSEY & WHITNEY LLP
50 S SIXTH ST STE 1500
MINNEAPOLIS, MN 55402
612–492–6724
Fax: 612–340–8738
Email: rowe.michael@dorsey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2024 | 1 | COMPLAINT against Mayo Foundation for Medical Education and Research (Filing fee $ 405, receipt number AUTDC–4996348) filed by Sherry Teresa. (Attachments: # 1 Exhibit A – Mayo Clinic Health Letter Mailing List, # 2 Exhibit B – FTC, The Information Marketplace Merging and Exchanging Consumer Data, # 3 Exhibit C – |

| | | |
|---|---|---|
| | | Wall Street Journal, Webs Hot New Commodity Privacy, # 4 Exhibit D – Statement of FTC Commissioner Pamela Jones Harbour, # 5 Exhibit E – Time.com, Martha C. White, Big Data Knows What Youre Doing Right Now, # 6 Exhibit F – N.Y. Times, Natasha Singer, You for Sale Mapping, and Sharing, the Consumer Genome, # 7 Exhibit G – Letter from Senator John D. Rockefeller IV, Chairman, Senate Committee on Commerce, Science, and Transportation, to Scott E. Howe, Chief Executive Officer, Acxiom, # 8 Exhibit H – Website of Senator Ed Markey, Bipartisan Group of Lawmakers Query Data Brokers About Practices Involving Consumers Personal Information, # 9 Exhibit I – FTC, Prize Scams, # 10 Exhibit J – N.Y. Times, Charles Duhigg, Bilking the Elderly, With a Corporate Assist, # 11 Exhibit K – FTC, Fraud Against Seniors Hearing before the Senate Special Committee on Aging, # 12 Exhibit L – 2014 TRUSTe US Consumer Confidence Privacy Report, TRUSTe, # 13 Exhibit M – N.Y. Times, Joshua Brustein, Start–Ups Seek to Help Users Put a Price on Their Personal Data, # 14 Exhibit Exhibit N – ENISA, Study on monetising privacy, # 15 Exhibit Exhibit O – Hann, et al., The Value of Online Information Privacy An Empirical Investigation) (Scofield, David) (Entered: 03/12/2024) |
| 03/12/2024 | 2 | Civil Cover Sheet (JS44)<br>Civil Summons may be issued electronically. Prepare the summons using the courts PDF version and email it to utdecf_clerk@utd.uscourts.gov for issuance, filed by Sherry Teresa. (Scofield, David) (Entered: 03/12/2024) |
| 03/12/2024 | 3 | NOTICE OF REQUIREMENTS for appearance Pro Hac Vice mailed to attorney Frank S. Hedin and Arun G. Ravindran for Sherry Teresa per 1 complaint. (kec) (Entered: 03/12/2024) |
| 03/12/2024 | | Judge Ted Stewart added.<br><br>Case number will now read **4:24–cv–00033–TS.** Please make changes to document captions accordingly. (kec) (Entered: 03/12/2024) |
| 03/12/2024 | 4 | NOTICE OF MAGISTRATE JUDGE AVAILABILITY TO PRESIDE OVER CASE– Under 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and DUCivR 72–4, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail at the address on the form. **Please do not efile the Consent Form in the case.** Notice e–mailed or mailed to Plaintiff Sherry Teresa. (Notice generated by Clerk's office) Form due by 4/2/2024. (kec) (Entered: 03/12/2024) |
| 03/13/2024 | 5 | ORDER REFERRING CASE to Magistrate Judge Paul Kohler under 28:636 (b)(1)(A), Magistrate Judge to hear and determine all nondispositive pretrial matters. No attached document. Signed by Judge Ted Stewart on 03/13/2024. (maa) (Entered: 03/13/2024) |
| 03/14/2024 | 6 | ORDER TO PROPOSE SCHEDULE – See order for details. Signed by Magistrate Judge Paul Kohler on 03/14/2024. (haa) (Entered: 03/14/2024) |
| 04/11/2024 | 7 | Requested Summons as to Mayo Foundation for Medical Education and Research. (Scofield, David) (Entered: 04/11/2024) |
| 04/12/2024 | 8 | Summons Issued Electronically as to Mayo Foundation for Medical Education and Research. |

| | | |
|---|---|---|
| | | Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (sg) (Entered: 04/12/2024) |
| 04/18/2024 | 9 | Stipulated MOTION for Extension of Time to File Answer re 1 Complaint,,,,,, filed by Defendant Mayo Foundation for Medical Education and Research. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler. Attorney Maryann Bauhs added to party Mayo Foundation for Medical Education and Research (pty:dft)(Bauhs, Maryann) (Entered: 04/18/2024) |
| 04/18/2024 | 10 | NOTICE of Appearance by Milo Steven Marsden on behalf of Mayo Foundation for Medical Education and Research (Marsden, Milo) (Entered: 04/18/2024) |
| 04/18/2024 | 11 | MOTION for Admission Pro Hac Vice of Michael Rowe , Registration fee $ 50, receipt number AUTDC−5037698,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.<br><br>filed by Defendant Mayo Foundation for Medical Education and Research. (Attachments: # 1 Exhibit Application for Pro Hac Vice Admission, # 2 Text of Proposed Order)(Bauhs, Maryann) (Entered: 04/18/2024) |
| 04/18/2024 | 12 | MOTION for Admission Pro Hac Vice of Brock Huebner , Registration fee $ 50, receipt number AUTDC−5037718,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.<br><br>filed by Defendant Mayo Foundation for Medical Education and Research. (Attachments: # 1 Exhibit Application for Pro Hac Vice Admission, # 2 Text of Proposed Order)(Bauhs, Maryann) (Entered: 04/18/2024) |
| 04/18/2024 | 13 | MOTION for Admission Pro Hac Vice of Andrew Brantingham , Registration fee $ 50, receipt number AUTDC−5037724,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.<br><br>filed by Defendant Mayo Foundation for Medical Education and Research. |

Case 4:24-cv-00033-AMA   Document 44-1   Filed 05/22/25   PageID.1576   Page 5 of 20

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit Application for Pro Hac Vice Admission, # 2 Text of Proposed Order)(Bauhs, Maryann) (Entered: 04/18/2024) |
| 04/19/2024 | 14 | ORDER granting 9 Motion for Extension of Time to Answer. The deadline for the Defendant to answer or otherwise respond to the 1 Complaint is extended until May 31, 2024. If Defendant's response to the 1 Complaint is a motion requiring response and reply memoranda, the deadline for Plaintiff's opposition brief is June 28, 2024 and the deadline for Defendant's reply brief is July 19, 2024. Signed by Magistrate Judge Paul Kohler on 4/19/2024. (mh) (Entered: 04/19/2024) |
| 04/19/2024 | 15 | ORDER granting 11 Motion for Admission Pro Hac Vice of Attorney Michael Edward Rowe, III for Mayo Foundation for Medical Education and Research.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.***A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.**<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules−practice.*<br><br>Signed by Magistrate Judge Paul Kohler on 4/19/2024. (mh) (Entered: 04/19/2024) |
| 04/19/2024 | 16 | ORDER granting 12 Motion for Admission Pro Hac Vice of Attorney Brock Huebner for Mayo Foundation for Medical Education and Research.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.***A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.**<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules−practice.*<br><br>Signed by Magistrate Judge Paul Kohler on 4/19/2024. (mh) (Entered: 04/19/2024) |
| 04/19/2024 | 17 | ORDER granting 13 Motion for Admission Pro Hac Vice of Attorney Andrew Brantingham for Mayo Foundation for Medical Education and Research.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.***A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.**<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules−practice.* |

| | | |
|---|---|---|
| | | Signed by Magistrate Judge Paul Kohler on 4/19/2024. (mh) (Entered: 04/19/2024) |
| 04/22/2024 | 18 | CORPORATE DISCLOSURE STATEMENT under FRCP 7.1 filed by Defendant Mayo Foundation for Medical Education and Research. (Bauhs, Maryann) (Entered: 04/22/2024) |
| 05/01/2024 | 19 | REASSIGNMENT to Newly Appointed District Judge. Under DUCivR 83–2, this case is reassigned to District Judge Ann Marie McIff Allen. Judge Ted Stewart no longer assigned to the case.<br><br>Orders of the prior judge are affirmed including the order of reference to Magistrate Judge Kohler under 28:636 (b)(1)(A) re 5 Order Referring Case to Magistrate Judge.<br><br>Case number will now read **4:23cv00033–AMA–PK.** Please make changes to document captions accordingly. (jrj) (Entered: 05/01/2024) |
| 05/22/2024 | 20 | Stipulated MOTION for Extension of Time to File Answer *Response/Reply* as to 1 Complaint, *(Second)* filed by Defendant Mayo Foundation for Medical Education and Research. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler.(Bauhs, Maryann) Modified by correcting motion event and text on 5/22/2024 (mh). (Entered: 05/22/2024) |
| 05/22/2024 | 21 | Modification of Docket re 20 MOTION: Error: Pleading filed under motion event, Motion for Extension of Time to File Response/Reply. Pleading requesting time to file an answer to complaint. Correction: Pleading event corrected to, Motion for Extension of Time to File Answer. No further action needed. (mh) (Entered: 05/22/2024) |
| 05/24/2024 | 22 | ORDER granting 20 Motion for Extension of Time to Answer. The deadline for the Defendant to respond to the 1 Complaint is extended to June 14, 2024. If Defendant's response to the Complaint is a motion requiring response and reply memoranda, the deadline for Plaintiff's opposition brief is July 12, 2024, and the deadline for Defendant's reply brief is August 2, 2024. Signed by Magistrate Judge Paul Kohler on 5/23/2024. (mh) (Entered: 05/24/2024) |
| 06/14/2024 | 23 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support , MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support *Oral Argument Requested* filed by Defendant Mayo Foundation for Medical Education and Research. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Marsden, Milo) (Entered: 06/14/2024) |
| 07/01/2024 | 24 | MOTION for Admission Pro Hac Vice of E. Powell Miller , Registration fee $ 50, receipt number AUTDC–5111038,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.<br><br>filed by Plaintiff Sherry Teresa. (Attachments: # 1 Exhibit Application of E. Powell Miller For Admission Pro Hac Vice, # 2 Exhibit B–– Proposed Form of Order)(Scofield, David) (Entered: 07/01/2024) |
| 07/02/2024 | 25 | |

| | | |
|---|---|---|
| | | DOCKET TEXT ORDER granting 24 Motion for Admission Pro Hac Vice of Attorney E. Powell Miller for Sherry Teresa.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.* **A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.**<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules−practice.*<br><br>Signed by Judge Ann Marie McIff Allen on 7/2/2024. No attached document. (mh) (Entered: 07/02/2024) |
| 07/12/2024 | 26 | Plaintiff's MOTION to Amend/Correct *Complaint (ECF No. 1)*, Stipulated MOTION for Scheduling Order *for Filing and Briefing of Motion to Dismiss First Amended Complaint* filed by Plaintiff Sherry Teresa. (Attachments: # 1 Text of Proposed Order Proposed Form of Order) Motions referred to Paul Kohler.(Scofield, David) (Entered: 07/12/2024) |
| 07/15/2024 | 27 | ORDER granting 26 Motion to Amend and Motion for Scheduling Order. Plaintiff may file the proposed First Amended Complaint. Defendant's 23 Motion to Dismiss is MOOT. Signed by Magistrate Judge Paul Kohler on 7/15/2024. (mh) (Entered: 07/15/2024) |
| 07/15/2024 | 28 | AMENDED COMPLAINT against Mayo Foundation for Medical Education and Research with Jury Demand. filed by Sherry Teresa. (Attachments: # 1 Exhibit A – Mayo Clinic Health Letter Mailing List, # 2 Exhibit B – FTC, The Information Marketplace Merging and Exchanging Consumer Data, # 3 Exhibit C – Wall Street Journal, Webs Hot New Commodity Privacy, # 4 Exhibit D – Statement of FTC Commissioner Pamela Jones Harbour, # 5 Exhibit E – Time.com, Martha C. White, Big Data Knows What Youre Doing Right Now, # 6 Exhibit F – N.Y. Times, Natasha Singer, You for Sale Mapping, and Sharing, the Consumer Genome, # 7 Exhibit G – Letter from Senator John D. Rockefeller IV, Chairman, Senate Committee on Commerce, Science, and Transportation, to Scott E. Howe, Chief Executive Officer, Acxiom, # 8 Exhibit H – Website of Senator Ed Markey, Bipartisan Group of Lawmakers Query Data Brokers About Practices Involving Consumers Personal Information, # 9 Exhibit I – FTC, Prize Scams, # 10 Exhibit J – N.Y. Times, Charles Duhigg, Bilking the Elderly, With a Corporate Assist, # 11 Exhibit K – FTC, Fraud Against Seniors Hearing before the Senate Special Committee on Aging, # 12 Exhibit L – 2014 TRUSTe US Consumer Confidence Privacy Report, TRUSTe, # 13 Exhibit M – N.Y. Times, Joshua Brustein, Start−Ups Seek to Help Users Put a Price on Their Personal Data, # 14 Exhibit N – ENISA, Study on monetising privacy, # 15 Exhibit O – Hann, et al., The Value of Online Information Privacy An Empirical Investigation) (Scofield, David) (Entered: 07/15/2024) |
| 07/31/2024 | 29 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support , MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support *First Amended Complaint Under Rules 12(B)(1) and 12(B)(6) – Oral Argument Requested* filed by Defendant Mayo Foundation for Medical Education and Research. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Marsden, Milo) (Entered: 07/31/2024) |

| | | |
|---|---|---|
| 08/14/2024 | 30 | First MOTION for Extension of Time to File Response/Reply *Plaintiff to respond to Defendant's Motion to Dismiss the First Amended Complaint* filed by Plaintiff Sherry Teresa. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Stipulated Motion for an Extension of Time) Motions referred to Paul Kohler.(Scofield, David) Modified by correction motion event and text on 8/15/2024 (mh). (Entered: 08/14/2024) |
| 08/15/2024 | 31 | Modification of Docket re 30 MOTION: Error: Pleading filed under motion event, Motion for Extension of Time. Counsel motioned for additional time to respond/reply. Correction: Pleading motion event corrected to, Motion for Extension of Time to File Response/Reply. No further action needed. (mh) (Entered: 08/15/2024) |
| 08/15/2024 | 32 | ORDER granting 30 Motion for Extension of Time to File Response/Reply. Plaintiff may file her response in opposition to Defendant's 29 Motion to Dismiss the First Amended Complaint on or before September 11, 2024. Defendant may file its reply in support of its 29 Motion to Dismiss the First Amended Complaint on or before October 9, 2024. Signed by Magistrate Judge Paul Kohler on 8/15/2024. (mh) (Entered: 08/15/2024) |
| 09/09/2024 | 33 | Stipulated MOTION for Extension of Time to File Response/Reply as to 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support *First Amended Complaint Under Rules 12(B)(1) and 12(B)(6) – Oral Argument Requested* filed by Plaintiff Sherry Teresa. (Attachments: # 1 Text of Proposed Order Proposed Form of Order) Motions referred to Paul Kohler.(Scofield, David) (Entered: 09/09/2024) |
| 09/10/2024 | 34 | ORDER granting 33 Motion for Extension of Time to File Response/Reply. Plaintiff may file her response in opposition to Defendant's 29 Motion to Dismiss the First Amended Complaint on or before September 18, 2024. Defendant may file its reply in support of its 29 Motion to Dismiss the First Amended Complaint on or before October 16, 2024. Signed by Magistrate Judge Paul Kohler on 9/10/2024. (mh) (Entered: 09/10/2024) |
| 09/19/2024 | 35 | Plaintiff's MOTION for Extension of Time to File Response/Reply as to 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support *First Amended Complaint Under Rules 12(B)(1) and 12(B)(6) – Oral Argument Requested* and Memorandum in Support filed by Plaintiff Sherry Teresa. (Attachments: # 1 Exhibit A–– Proposed Opposition, # 2 Appendix 1–– Proposed Opposition Exhibit A, # 3 Appendix 2–– Proposed Opposition Exhibit B, # 4 Appendix 3–– Proposed Opposition Exhibit C) Motions referred to Paul Kohler.(Scofield, David) (Entered: 09/19/2024) |
| 09/20/2024 | 36 | DOCKET TEXT ORDER granting 35 Motion for Extension of Time to File Response/Reply as to 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and MOTION to Dismiss for Lack of Jurisdiction. Plaintiff's response must be filed by the end of the day on 9/20/2024. Signed by Magistrate Judge Paul Kohler on 9/20/2024. No attached document. (tlc) (Entered: 09/20/2024) |
| 09/20/2024 | 37 | Redacted MEMORANDUM in Opposition re 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support *First Amended Complaint Under Rules 12(B)(1) and 12(B)(6) – Oral Argument Requested* filed by Plaintiff |

| | | |
|---|---|---|
| | | Sherry Teresa. (Attachments: # 1 Exhibit A– Redacted Samples of Mayo Clinic Health Letters, # 2 Exhibit B–– Transcript of Proceedings, Utah House of Representatives, Feb. 6, 2003, # 3 Exhibit C–– Documents Re Doing Business in Utah)(Scofield, David) (Entered: 09/20/2024) |
| 10/16/2024 | 38 | REPLY to Response to Motion re 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support *First Amended Complaint Under Rules 12(B)(1) and 12(B)(6) – Oral Argument Requested* filed by Defendant Mayo Foundation for Medical Education and Research. (Bauhs, Maryann) (Entered: 10/16/2024) |
| 12/18/2024 | 39 | NOTICE of SUPPLEMENTAL AUTHORITY by Sherry Teresa re 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support *First Amended Complaint Under Rules 12(B)(1) and 12(B)(6) – Oral Argument Requested* (Attachments: # 1 Appendix Arnstein et. al. v. Sundance Holdings Group, L.L.C., 2:24–cv–0344–RJS–DAO, ECF No. 36) 2024 U.S. Dist. LEXIS 215328 *; 2024 WL 4882857 (D. Utah Nov. 25, 2025) (unpublished)) (Scofield, David) (Entered: 12/18/2024) |
| 12/20/2024 | 40 | Defendant's RESPONSE re 39 Notice of Supplemental Authority,,, filed by Mayo Foundation for Medical Education and Research. (Bauhs, Maryann) (Entered: 12/20/2024) |
| 03/27/2025 | 41 | MEMORANDUM DECISION AND ORDER granting 29 Motion to Dismiss without prejudice. Plaintiff may file an amended complaint not later than April 18, 2025, setting forth facts sufficient to state a claim within this Courts jurisdiction. Failure to file an amended complaint by that deadline will result in dismissal of this action without further notice. Signed by District Judge Ann Marie McIff Allen on 3/27/2025. (alf) (Entered: 03/28/2025) |
| 04/28/2025 | 42 | JUDGMENT: Plaintiffs action is dismissed for lack of subject–matter jurisdiction for the reasons set forth in the Courts Order entered on March 27, 2025. Case Closed. Magistrate Judge Paul Kohler no longer assigned to case. Signed by District Judge Ann Marie McIff Allen on 04/28/2025. (kpf) (Entered: 04/28/2025) |
| 05/22/2025 | 43 | NOTICE OF APPEAL filed by Sherry Teresa. Appeals to the USCA for the 10th Circuit. Filing fee $ 605, receipt number AUTDC–5434356. (Scofield, David) (Entered: 05/22/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| SHERRY TERESA,<br><br>    Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>    Defendants. | **MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 4:24-cv-00033<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

## BACKGROUND

In this matter, Plaintiff Sherry Teresa asserts a cause of action under the Utah Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA"), on her own behalf and on behalf of a purported class, against Defendant Mayo Foundation for Medical Education and Research.[1] Defendant filed a Motion to Dismiss.[2] As set forth below, the Court finds Plaintiff fails to allege facts sufficient to support this Court's subject-matter jurisdiction. Thus, the Court will dismiss Plaintiff's Complaint, without prejudice.

## ANALYSIS

As set forth in detail below, Plaintiff fails to allege sufficient factual material to meet the amount-in-controversy threshold set forth in the Class Action Fairness Act ("CAFA"), which is Plaintiff's lone basis for asserting federal jurisdiction. Additionally, even assuming the facts alleged were sufficient to meet CAFA's threshold amount in controversy, Plaintiff has failed to allege the existence of a "commercial entity" as required by NISNPIA.

---

[1] *See* First. Amd. Class Action Compl. ("Complaint") at 22–27, ECF No. 28.
[2] ECF No. 29.

## I. Plaintiff has not plausibly alleged facts to show an amount in controversy in excess of $5,000,000

CAFA provides, in pertinent part, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(d)(2). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover" the jurisdictional amount. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).[3] Plaintiff has failed to plead facts to show damages in excess of $5,000,000 in the first instance and, even assuming the allegations were sufficient, it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount. These two issues will be discussed in separate subsections below.

### a. Plaintiff fails to allege facts to show an amount in controversy in excess of $5,000,000

As an initial matter, the Complaint contains very little factual information that could support Plaintiff's conclusion that the amount in controversy exceeds $5,000,000. Plaintiff makes a jurisdictional allegation that "there are more than 100 class members and the aggregate

---

[3] While *Woodmen* dealt with jurisdiction under 28 U.S.C. § 1332(a) rather than CAFA, the Tenth Circuit has shown a willingness to "look to § 1332(a) cases for guidance" when interpreting CAFA. *Whisenant v. Sheridan Prod. Co., LLC*, 627 F. App'x 706, 708 (10th Cir. 2015); *see Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246–47 (10th Cir. 2012) ("there is 'no logical reason why we should demand more from a CAFA defendant' than other parties invoking federal jurisdiction").

2

amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant."[4]  Of course, this language constitutes a mere legal conclusion couched as a factual allegation, which the Court is not bound to accept as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's lone remaining factual allegation regarding the amount in controversy fails to plausibly allege damages that could meet the CAFA threshold.  Plaintiff cites to no authority to suggest CAFA relieves her of the obligations under Rule 8 and *Twombly/Iqbal* to plead sufficient facts to show her claims, including the damage amounts, are plausible.  *See, e.g.*, *id.*  Although *Dart* involved a notice of removal rather than a complaint, the Supreme Court applied the plausibility standard to that notice in considering whether it adequately set forth facts sufficient to satisfy CAFA's amount-in-controversy threshold.  *See* 574 U.S. at 84 (considering whether the notice of removal "allege[d] the requisite amount plausibly").  Thus, CAFA does not appear to alter the pleading standard with regard to plausibly alleging the amount in controversy.

Turning to the allegations here, Plaintiff alleges that NISNPIA allows a plaintiff to recover a fixed $500 for each violation.[5]  Accordingly, to meet the threshold of an "amount in controversy that exceeds $5,000,000," Plaintiff must allege facts to indicate Defendant violated NISNPIA over 10,000 times with respect to herself and the proposed class.  Plaintiff alleges, upon information and belief, there are "thousands" of "persons in Utah who had their Private Purchase Information obtained by Mayo on or after January 1, 2004[,] as a result of a consumer transaction and who, at any point during the applicable statutory period, had such Private

---

[4] Compl. at 7.
[5] Compl. at 11.

Purchase Information disclosed by Mayo to one or more third party."[6] In addition to referring to a 20-year period, which raises statute-of-limitations questions, it is insufficient to allege "thousands" of violations. To meet the CAFA threshold, Plaintiff needs to allege sufficient factual material, consistent with Rule 11, to show over 10,000 violations. Plaintiff's argument in opposition highlights the limitations of the Complaint. Plaintiff refers to factual material outside the Complaint, coupled with new theories also not set forth in the Complaint, to reach CAFA's threshold amount in controversy.[7] Thus, the Complaint is insufficient, as Plaintiff's argument highlights. While the pleading burden is relatively modest, Plaintiff must allege sufficient facts to plausibly show damages in excess of $5,000,000.[8] She has not done so.

### b. Plaintiff fails to allege the existence of a "commercial entity" as required by NISNPIA

Next, even assuming Plaintiff had alleged sufficient factual material in the Complaint to meet the CAFA's threshold amount in controversy, it appears, to a legal certainty,[9] that the class cannot recover in excess of $5,000,000 because the Complaint does not allege the existence of a

---

[6] Compl. at 20.

[7] *See* ECF No. 37 at 10 (assuming an average of 1.4 purchases (without describing a factual basis for this average) by a group of 7,633 people (not described anywhere in the Complaint)).

[8] The Supreme Court's decision in *Dart* is instructive. In *Dart*, the notice of removal asserted "purported underpayments to putative class members totaled more than $8.2 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85 (2014). The trial court in *Dart* discussed the rough calculations contained in the notice of removal to calculate this alleged underpayment amount. *Owens v. Dart Cherokee Basin Operating Co. LLC*, No. 12-4157-JAR-JPO, 2013 WL 2237740, at *2 (D. Kan. May 21, 2013), *vacated,* No. 12-4157-JAR-JPO, 2015 WL 5451441 (D. Kan. Mar. 4, 2015). Although ultimately resolved on other grounds, *Dart* and *Owens* involved extensive litigation about whether the, comparatively detailed, allegations in that case sufficiently alleged CAFA's threshold amount in controversy.

[9] As stated above, the burden is on Plaintiff to 'show that it does not appear to a legal certainty that they cannot recover' the jurisdiction amount." *Woodmen*, 342 F.3d at 1216. While the Court applies this burden to Plaintiff, the body of the opinion will avoid the use of the double negative contained in this standard, for clarity's sake.

4

"commercial entity" as required by NISNPIA.  "Generally, dismissal under the legal certainty standard will be warranted only . . . [in limited circumstances, such as] when the law limits the amount recoverable."[10]  *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003) (citing Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3702).  The law limits the amount recoverable here because NISNPIA applies only to a "commercial entity," which is defined as one "that: (i) has an office or other place of business located in [Utah]; and (ii) in the ordinary course of business transacts a consumer transaction in" Utah.  Utah Code §§ 13-37-102(2)(a), 13-37-203(1).  Here, Plaintiff has not alleged facts that could establish Defendant has an office or other place of business in Utah.  Plaintiff alleges Defendant "is a Minnesota corporation that maintains its headquarters and principal place of business in Rochester, Minnesota."[11]  Plaintiff also alleges Defendant:

> "has one or more office(s) or other place(s) of business in Utah, including but not limited to at 15 West South Temple, Suite 600, Salt Lake City, Utah (a location overseen by [Defendant]'s registered agent on [Defendant]'s behalf).  Additionally, [Defendant] has employees who work for [Defendant] from Utah (and thus conduct business on [Defendant]'s behalf at places in Utah).[12]

The introductory clause, alleging Defendant "has one or more office(s) or other place(s) of business in Utah," constitutes a mere legal conclusion couched as a factual allegation, which the Court is not bound to accept as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The factual material alleged indicates Defendant has a registered agent in Utah and employees who work "from Utah."  The Court follows the reasoning of Judge Kohler and Judge Campbell, both of

---

[10] *Woodman* also suggested dismissal might be warranted in circumstances that do not appear applicable here, namely "when a contract limits the possible recovery . . . [or] when there is an obvious abuse of federal court jurisdiction." 342 F.3d at 1217.
[11] Compl. at 6.
[12] *Id.* at 6–7.

whom determined that "a company lacking its own offices in the state—having only a registered agent and/or employees who work or have worked in Utah—cannot qualify as a Utah "commercial entity" within the meaning of the NISNPIA." *Atwood, v. Dotdash Meredith, Inc.*, No. 1:24-CV-00046-TC-DAO, 2025 WL 815118, at *4 (D. Utah Mar. 13, 2025) (citing *Camoras v. Publishers Clearing House, LLC*, No. 4:23-CV-00118-DN-PK, 2024 WL 2262786, at *2 (D. Utah May 17, 2024)). These are the only facts Plaintiff alleges here: that Defendant's registered agent and unspecified employees are in Utah. In this way, Plaintiff's factual allegations here are identical to the factual allegations Judge Campbell reviewed in *Atwood*, aside from the name of the defendant there.[13] For all the reasons ably stated by Judge Campbell, this Court finds Plaintiff has failed to allege the existence of a "commercial entity" under NISNPIA. In short, the presence of Defendant's registered agent, and remote employees, does not establish Defendant "has an office or other place of business located in [Utah]." Utah Code §§ 13-37-102(2)(a)(1). Accordingly, the Court dismisses the Complaint for lack of subject-matter jurisdiction.[14]

---

[13] Ms. Atwood alleged Dotdash Media: "has one or more office(s) or other place(s) of business in Utah, including but not limited to at 1108 E. South Union Ave., Midvale, Utah 84047 (a location overseen by [Dotdash Media's] registered agent on [Dotdash Media's] behalf). Additionally, [Dotdash Media] has employees who work for [Dotdash] from Utah (and thus conduct business on [Dotdash Media's] behalf at places in Utah)." *Atwood*, 2025 WL 815118 at *2.

[14] The Court deals with this as an issue of jurisdiction because, absent subject-matter jurisdiction, the Court cannot reach the merits of the case. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Additionally, because the Court finds jurisdiction lacking on the basis of the amount in controversy under CAFA, the Court does not reach Defendant's other arguments regarding subject-matter jurisdiction.

## ORDER

Based on the foregoing, the Court GRANTS Defendants' Motion to Dismiss. (ECF No. 29). Plaintiff's Complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint not later than April 18, 2025, setting forth facts sufficient to state a claim within this Court's jurisdiction. Failure to file an amended complaint by that deadline will result in dismissal of this action without further notice.

DATED this 27th day of March 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

# United States District Court

District of Utah, Southern Region of the Central Division

Sherry Teresa,

        Plaintiff,  **JUDGMENT IN A CIVIL CASE**

        v.

Mayo Foundation for Medical Education and Research,       Case Number: 4:24-CV-33-AMA-PK

        Defendant.


IT IS ORDERED AND ADJUDGED

that Plaintiff's action is dismissed for lack of subject-matter jurisdiction for the reasons set forth in the Court's Order entered on March 27, 2025.


Dated: April 28, 2025.         By the Court:

       *[signature]*

       Ann Marie McIff Allen
       United States District Judge

David W. Scofield – 4140
**Peters | Scofield**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone: (801) 322-2002
Facsimile: (801) 912-0320
E-Mail: dws@psplawyers.com

*Counsel for Plaintiffs and Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SHERRY TERESA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | **NOTICE OF APPEAL**<br><br>Case No. 4:24-cv-00033-AMA-PK<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

## **NOTICE OF APPEAL**

Notice is hereby give that Plaintiff Sherry Teresa appeals to the United States Court of Appeals for the Tenth Circuit from the Judgment entered in this action on April 28, 2025.

Dated: May 22, 2025						Respectfully submitted,

							**PETERS | SCOFIELD**
							*A Professional Corporation*

							/s/ David W. Scofield
							DAVID W. SCOFIELD

							DAVID W. SCOFIELD – 4140
							**PETERS | SCOFIELD**
							*A Professional Corporation*
							7430 Creek Road, Suite 303
							Sandy, Utah 84093-6160
							Telephone:	(801) 322-2002
							Facsimile:	(801) 912-0320
							E-Mail:		dws@psplawyers.com

							FRANK S. HEDIN*
							**HEDIN LLP**
							1395 Brickell Avenue, Suite 1140
							Miami, Florida 33131
							Tel: 305.357.2107
							fhedin@hedinllp.com

							E. POWELL MILLER*
							**THE MILLER LAW FIRM, P.C.**
							950 W. University Drive, Suite 300
							Rochester, MI 48307
							Tel: 248.841.2200
							epm@millerlawpc.com

							* Pro Hac Vice App. Forthcoming

							*Counsel for Plaintiff and Putative Class*

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ David W. Scofield
DAVID W. SCOFIELD

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone: (801) 322-2002
Facsimile: (801) 912-0320
E-Mail: dws@psplawyers.com